BETH CREIGHTON, OSB #972440
E-mail: *beth@civilrightspdx.com*
LAURA KOISTINEN, OSB #175123
E-mail: *laura@civilrightspdx.com*
CREIGHTON & ROSE, PC
Powers Building Suite 300
65 SW Yamhill Street
Portland, Oregon  97204-3316
Phone:   (503) 221-1792
Fax:       (503) 223-1516

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **AISHA KEYS,** | Civil Case No.  3:20-cv-01550 |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| **FEDEX GROUND PACKAGE SYSTEM, INC.,** | (ORS 654A.040: Discrimination against worker applying for workers' compensation benefits; ORS 659A.199: Whistleblowing; ORS 659A.112: Employment discrimination against persons with disabilities; ORS 659A.030: Employment discrimination based on race) |
| Defendants. | |

**DEMAND FOR A JURY TRIAL**

## I.  INTRODUCTION

1.      Pursuant to ORS 654A.040, ORS 659A.199, ORS 659A.112, and ORS 659A.030,

CREIGHTON
& ROSE, PC   ATTORNEYS AT LAW
65 SW Yamhill St. #300
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

Plaintiff alleges the deprivation of her rights as protected by Oregon employment statutes. She seeks damages and equitable remedies, including declaratory judgment and attorney fees and litigation expenses/costs, including expert witness fees and expenses in an amount to be determined by a jury at trial, but no less than $75,000.

## II.  JURISDICTION AND VENUE

2.      This court has jurisdiction under 28 U.S.C. § 1332 because diversity of citizenship exists between plaintiff and defendant and the matter in controversy exceeds $75,000.

3.      Venue is in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the claims arose in this judicial district.

## III.  PARTIES

4.      Plaintiff Aisha Keys ("Keys") is an African American woman and a resident of the State of Washington.

5.      At all material times herein, Defendant FedEx Ground Package System, Inc., ("FedEx") is a corporation licensed to do business in the State of Oregon and is a citizen of the State of Delaware, being incorporated therein.

## IV.  FACTS

6.      On November 28, 2017, FedEx hired Keys as a part-time package handler.

7.      On December 21, 2017, Keys injured her right knee while completing her work duties. Keys filed a workers' compensation claim for her injury.  The workers' compensation claim was accepted.

8.      Because of her work injuries, Keys requested the following doctor-mandated reasonable accommodations from FedEx: no kneeling or squatting, no carrying more than 30 lbs,

CREIGHTON
& ROSE, PC   ATTORNEYS
AT LAW
65 SW Yamhill St. #300
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 2 – COMPLAINT

and taking breaks when needed.  FedEx gave her a light-duty assignment to accommodate these requests.

9.      Keys asked for time off work to go to an insurance medical exam for her workers' compensation claim.  FedEx denied her request and did not allow her to leave work to attend the exam.

10.     FedEx offered her a modified-duty position within the Smalls Department. This position accommodated her injury while she determined the extent of her injury.

11.     Keys' supervisor was replaced by Larry Hendrickson in or around July 2018. Thereafter, she experienced an increased amount of negative treatment; including, but not limited to, the following:

a) Keys' supervisor forced her to work longer than all of the other employees;

b) Keys' supervisor was outwardly aggressive towards Keys when speaking to her;

c) Keys' supervisor threatened to write Keys up several times; and

d) Keys' supervisor yelled at Keys for being behind schedule when she had already completed her assigned tasks and had moved on to helping another coworker.

12.     One of Keys' doctor-mandated accommodations is taking breaks as needed dependent upon her pain level. On one occasion, Keys asked her supervisor if she could take a break and go home because she was in so much pain.  He told her he would have to go check but then did not get back to her until it was the end of her shift.  He then told her that he would have to write her up for leaving and that she couldn't leave in the future.

13.     Keys had mobility issues stemming from her injury. These mobility issues caused her to move slower and it took her a longer amount of time to travel from one location in the

CREIGHTON
& ROSE, PC    ATTORNEYS AT LAW
65 SW Yamhill St. #300
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

facility to another.

14.     FedEx prohibited Keys from clocking in early for her shifts.  One day after Hendrickson became her supervisor, there was a meeting scheduled for a few minutes after Keys' start time. Because she was not permitted to clock in early enough to give her sufficient time to make it to the meeting location, she was late to the meeting.

15.     Keys' supervisor told Keys she was being written up for being late and berated her saying, "someone just started and is moving faster than you."

16.     Keys explained that she was late because of her injury, and her supervisor said "... don't know what to tell you, this is the easiest [job] there is here, if you can't do this maybe [it's] not the job for you."

17.     Keys  reported this incident to Superintendent Nick Beresford.  He told her that he fully supported Keys' supervisor and that if he said Keys needed to be moving faster, then Keys needed to be moving faster, essentially condoning the derogatory statement her supervisor made about her injury-related mobility issues.

18.     Keys was repeatedly treated differently than her Caucasian coworkers. Keys often got in trouble for doing things that her Caucasian coworkers did with impunity.  Keys' supervisor targeted her and assigned her additional tasks while the Caucasian coworkers sat idle.

19.     In July of 2018, Keys' doctor informed FedEx that the injuries Keys sustained were permanent and that she would always need accommodations to do her job.

20.     FedEx suspended Keys on September 28, 2018, to allegedly determine if she had violated FedEx's attendance policy.  Keys had only taken time off from work for doctors' appointments and other medical needs.

CREIGHTON
& ROSE, PC

ATTORNEYS
AT LAW
65 SW Yamhill St. #300
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 4 – COMPLAINT

21.    FedEx terminated Keys and told her she could pick up her last check on November 5, 2018.

### FIRST CLAIM FOR RELIEF
### ORS 659A.040 - Workers' Compensation Discrimination

22.    Plaintiff incorporates paragraphs 1 through 21 as if fully set forth herein.

23.    As herein described, Plaintiff alleges that Defendant, by and through its employees acting within the course and scope of their employment, violated ORS 659A.040 by discriminating against Plaintiff by taking adverse action against her in the terms, conditions, and privileges of her employment because she applied for benefits or invoked or utilized the procedures provided for in ORS Chapter 656.

24.    As a direct and proximate cause of Defendant's wrongful conduct, Plaintiff has suffered economic and noneconomic damage.  Plaintiff seeks compensation from Defendant in an amount to be determined by a jury at trial in an amount no less than $75,000.  Plaintiff also seeks reinstatement from Defendant and all other equitable remedies available to her by statute.

25.    Defendant's conduct toward Keys demonstrated a wanton, reckless or callous indifference to the rights of Keys, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

26.    Plaintiff is entitled to future lost wages, her reasonable attorneys' fees and costs pursuant to ORS 659A.885, ORS 20.107, 28 USC §1920, 28 USC §1927, if appropriate, and all other remedies available at law.

27.    Plaintiff is entitled to a declaration that Defendant violated her rights under ORS 659A and an order requiring Defendant to make her whole.

CREIGHTON
& ROSE, PC

ATTORNEYS
AT LAW
65 SW Yamhill St. #300
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 5 – COMPLAINT

## SECOND CLAIM FOR RELIEF
### ORS 659A.199 - Whistleblower Retaliation/Discrimination

28.     Plaintiff incorporates paragraphs 1 through 21 as if fully set forth herein.

29.     By the acts described above, Defendant retaliated against Plaintiff because she disclosed information that she reasonably and in good faith believed was evidence of Defendant's violation of state and federal law in violation of ORS 659A.199.

30.     As a direct and proximate cause of Defendant's wrongful conduct, Plaintiff has suffered economic and noneconomic damage.  Plaintiff seeks compensation from Defendant in an amount to be determined by a jury at trial in an amount no less than $75,000.  Plaintiff also seeks reinstatement from Defendant and all other equitable remedies available to her by statute.

31.     Defendant's conduct toward Keys demonstrated a wanton, reckless or callous indifference to the rights of Keys, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

32.     Plaintiff is entitled to future lost wages, her reasonable attorneys' fees and costs pursuant to ORS 659A.885, ORS 20.107, 28 USC §1920, 28 USC §1927, if appropriate, and all other remedies available at law.

33.     Plaintiff is entitled to a declaration that Defendant violated her rights under ORS 659A and an order requiring Defendant to make her whole.

## THIRD CLAIM FOR RELIEF
### ORS 659A.112(1) - Disability Discrimination

34.     Plaintiff incorporates paragraphs 1 through 21 as if fully set forth herein.

35.     As described herein, Defendant discriminated and/or retaliated against Plaintiff in the terms, conditions, and privileges of her employment.  A substantial factor in Defendant's

CREIGHTON
& ROSE, PC

ATTORNEYS
AT LAW

65 SW Yamhill St. #300
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 6 – COMPLAINT

conduct was Plaintiff's physical impairments or because Defendant regarded Plaintiff as having a disability.

36.     As a direct and proximate cause of Defendant's wrongful conduct, Plaintiff has suffered economic and noneconomic damage.  Plaintiff seeks compensation from Defendant in an amount to be determined by a jury at trial in an amount no less than $75,000.  Plaintiff also seeks reinstatement from Defendant and all other equitable remedies available to her by statute.

37.     Defendant's conduct toward Keys demonstrated a wanton, reckless or callous indifference to the rights of Keys, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

38.     Plaintiff is entitled to future lost wages, her reasonable attorneys' fees and costs pursuant to ORS 659A.885, ORS 20.107, 28 USC §1920, 28 USC §1927, if appropriate, and all other remedies available at law.

39.     Plaintiff is entitled to a declaration that Defendant violated her rights under ORS 659A and an order requiring Defendant to make her whole.

## FOURTH CLAIM FOR RELIEF
### ORS 659A.112(1) & (2)(e) - Failure to Accommodate a Physical Impairment

40.     Plaintiff incorporates paragraphs 1 through 21 as if fully set forth herein.

41.     As described herein, Defendant failed to engage in the interactive process and failed to make reasonable accommodation to the known physical limitations of Plaintiff, a qualified employee with a disability, in violation of ORS 659A.112(1) and (2)(e).

42.     As a direct and proximate cause of Defendant's wrongful conduct, Plaintiff has suffered economic and noneconomic damage.  Plaintiff seeks compensation from Defendant in

CREIGHTON & ROSE, PC    ATTORNEYS AT LAW
65 SW Yamhill St. #300
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

an amount to be determined by a jury at trial in an amount no less than $75,000.  Plaintiff also

seeks reinstatement from Defendant and all other equitable remedies available to her by statute.

43.    Defendant's conduct toward Keys demonstrated a wanton, reckless or callous

indifference to the rights of Keys, which warrants an imposition of punitive damages in such

amounts as the jury may deem appropriate to deter future violations.

44.    Plaintiff is entitled to future lost wages, her reasonable attorneys' fees and costs

pursuant to ORS 659A.885, ORS 20.107, 28 USC §1920, 28 USC §1927, if appropriate, and all

other remedies available at law.

45.    Plaintiff is entitled to a declaration that Defendant violated her rights under ORS

659A and an order requiring Defendant to make her whole.

### FIFTH CLAIM FOR RELIEF
### ORS 659A.030 - Race Discrimination

46.    Plaintiff incorporates paragraphs 1 through 21 as if fully set forth herein.

47.    As herein described, Defendant discriminated against Plaintiff in the course of her

employment on the basis of her race, including but not limited to, subjecting her to differential

treatment and a hostile work environment in violation of ORS 659A.030.

48.    As a direct and proximate cause of Defendant's wrongful conduct, Plaintiff has

suffered economic and noneconomic damage.  Plaintiff seeks compensation from Defendant in

an amount to be determined by a jury at trial in an amount no less than $75,000.  Plaintiff also

seeks reinstatement from Defendant and all other equitable remedies available to her by statute.

49.    Defendant's conduct toward Keys demonstrated a wanton, reckless or callous

indifference to the rights of Keys, which warrants an imposition of punitive damages in such

CREIGHTON
& ROSE, PC

ATTORNEYS
AT LAW
65 SW Yamhill St. #300
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

amounts as the jury may deem appropriate to deter future violations.

50.     Plaintiff is entitled to future lost wages, her reasonable attorneys' fees and costs pursuant to ORS 659A.885, ORS 20.107, 28 USC §1920, 28 USC §1927, if appropriate, and all other remedies available at law.

51.     Plaintiff is entitled to a declaration that Defendant violated her rights under ORS 659A and an order requiring Defendant to make her whole.

**WHEREFORE,** Plaintiff prays for judgment against defendants as follows:

1.      Economic damages in the form of lost wages and benefits, consequential damages and prejudgment interest in an amount to be determined at trial;

2.      Compensatory damages in an amount to be determined at trial;

3.      All available equitable relief and damages in amounts to be determined at trial, consistent with the claims above against Defendant;

4.      Punitive damages consistent with the claims above against Defendant in amounts to be determined at trial;

5.      Reasonable attorneys' fees and litigation expenses/costs herein, including expert witness fees and expenses, consistent with the claims above against Defendant; and

///

///

///

///

///

CREIGHTON
& ROSE, PC | ATTORNEYS
AT LAW
65 SW Yamhill St. #300
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

6.      Grant such other relief as is just and proper.


DATED this 8th day September, 2020.    CREIGHTON & ROSE, PC

                                        *s/ Beth Creighton*
                                        BETH CREIGHTON, OSB #972440
                                        E-mail: *beth@civilrightspdx.com*
                                        LAURA KOISTINEN, OSB #175123
                                        E-mail: *laura@civilrightspdx.com*
                                        Of attorneys for Plaintiff Aisha Keys

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL**

CREIGHTON & ROSE, PC    ATTORNEYS AT LAW

65 SW Yamhill St. #300
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 10 – COMPLAINT